**BATTELLE MEMORIAL INSTITUTE, Application of, In re.**

Board of Tax Appeals.

No. 19496. Decided May 24, 1951.

Eagleson, Laylin & Laird, Columbus, for applicant.

Hon. C. William O'Neill, Atty. Genl., Robert E. Leach, Asst. Atty. Genl., Columbus, for John W. Peck, Tax Commissioner of Ohio.

## ENTRY

This cause and matter came on to be considered by the Board of Tax Appeals upon the above styled application filed herein under date of February 13, 1951. Said application seeks from this Board an order declaring that intangibles owned by applicant are exempt from taxation under the provisions of §5328-1a GC.

Upon consideration thereof, the Board of Tax Appeals is now of the opinion that §5328-1a GC does not confer upon the Board of Tax Appeals any original jurisdiction to exempt intangibles from taxation.

Under date of April 23, 1948, the Board of Tax Appeals caused to be entered upon its journal an entry in the case of In re Application of Cleveland Memorial Medical Foundation (reported in 38 O. O. at page 255) wherein a majority of the

Board as then constituted, found that said Board did have original jurisdiction to exempt intangibles from taxation under the provisions of §5628-1a GC. This journal entry had the effect of discarding a former entry of this Board on the same question—In re Judson Palmer Home (Case No. 11472—journalized August 19, 1946), wherein the Board said:

"The first question presented to the board of tax appeals on this application is as to the authority of the board to make an order consenting to the exemption of the above described property from taxation under the provisions of §5328-1a GC, or under the provisions of any other sections of the General Code of this state. Although the board of tax appeals, in proper cases, may make orders exempting property from taxation under either §5570-1 GC, or under §5616 GC, the provisions of the last named section relating, among other things, to complaints filed with the board of tax appeals from decisions or orders of the county auditor refusing to place property on the tax exempt list of the county, has no application to cases involving tangible or intangible personal property—and this for the reasons set out in the decision of the board of tax appeals in the case of **Zindorf v. Otterbein Press, 18 O. O. 65.** We must look, therefore, to the provisions of §5570-1 GC, (read in connection with the provisions of §1464-1 GC), as the sole authority of the board of tax appeals with respect to the exemption from taxation of property of the kind here in question. **Sec. 1464-1 GC** provides, among other things, that the board of tax appeals shall 'exercise the authority provided by law relative to consenting to the exempting of property from taxation, and revising the list of exempted property in any county.' Looking to the provisions of §5570-1 GC, which section was enacted in its present form by an amendment of the section, effective under date of August 21, 1941, it is noted that it is thereby made the duty of the county auditor 'to make a list of all the property, both real and personal, in his county, and including moneys, credits and investments in bonds, stocks, or otherwise, which is exempted under §§3410-6, 4759 (4834-16), 5349, 5350, 5351, 5352, 5353, 5353-1, 5356, 5357, 5359, 5361, 5362, 5363, 7915-1, 10093, 10101, 10105 and 10192 GC.' This section further provides that 'no additions shall be made to such exempt lists nor additional items of property exempted under any of the sections enumerated herein without the consent of the board of tax appeals, but when any personal property or endowment fund of an institution has once been held by the board of tax appeals to be properly exempt from taxation, it shall not be necessary to obtain the board's consent to the exemp-

tion of additional property or investments of the same kind belonging to the same institution.' From the provision of this section that no additions shall be made to such exempt lists, nor additional items of property exempted 'under any of the sections enumerated herein without the consent of the board of tax appeals,' the authority of the board of tax appeals to consent to the exemption from taxation of property under one or more of the sections of the General Code therein enumerated, is clearly implied.

Sec. 5353 GC is one of the sections of the General Code referred to in §5570-1 GC; and clearly the board of tax appeals would have jurisdiction and authority to consent to the exemption from taxation of property in cases coming within the purview of this section of the General Code. Prior to its recent amendment §5353 GC provided, among other things, that 'property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation.' In the case of **Wehrle Foundation v. Evatt, Tax Commissioner, 141 Oh St 467,** the Supreme Court of this State held that the term 'property' as used in this section covered tangible and intangible personal property as well as real property; and that in proper cases the board of tax appeals had authority to exempt from taxation both real and personal property. In this case the Court further held as follows:

"The word "institutions" as used in §5353 GC, is **descriptio personae** and describes the owners or holders whose property may be exempted provided such property is used exclusively for charitable purposes.

'While **Section 2 of Article XII of the Constitution** authorizes the General Assembly to exempt **institutions** used exclusively for charitable purposes, such provision is not self-executing. The extent to which the General Assembly has acted under such authorization is to exempt property belonging to an institution provided such property is used exclusively for charitable purposes.

'Property held by a nonprofit corporation for the purpose of ultimate distribution to such selected organizations as are operated for religious, charitable, scientific, literary or educational purposes, or for the prevention of cruelty to children or animals, is not exempt from taxation under §5353 GC. Such property so held is not being used exclusively for charitable purposes, the test being the present use of the property.'

The property involved in the Wehrle case consisted of a small amount of cash in the bank and certain securities of a large amount and value and referred to as investments—intangible property. And specifically, the decision of the Court

in this case was that before property of this kind would be entitled to exemption from taxation such property was required to be used exclusively for charitable purposes; and that it was not sufficient to show that the income from such investments was used for this purpose. Sec. 5353 GC, above referred to, was later amended by an act, effective under date of September 27, 1945. As amended this section reads 'Real and tangible personal property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation.' By this amendment investments and other forms of intangible property have been eliminated from the purview of the section; and neither the board of tax appeals nor any court of competent jurisdiction, for that matter, would have any authority to exempt from taxation the intangible property of The Judson Palmer Home involved in this case—so far as the present provisions of §5353 GC, are concerned. At the same time the legislature amended the provisions of §5353 GC, in the respect above noted, it enacted §5328-1a GC, as a supplement to the provisions of §5328-1 GC. Sec. 5328-1 GC, is the declaratory statute with respect to the taxation of intangible property, and provides 'all moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted in this title.' Sec. 5328-1 GC, above referred to, reads as follows:

'Moneys, credits, investments, deposits and other intangible property belonging, either legally or beneficially, to corporations, trusts, associations, funds, foundations or community chests, organized and operated exclusively for religious, charitable, scientific, literary, health, hospital, educational, or public purposes, exclusively for the prevention of cruelty to children or animals, or exclusively for contributing financial support to any such purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, shall not be subject to taxation.'

Sec. 5328-1a GC, above quoted, is, in a sense, an exemption statute in that intangible property within the purview of the provisions of the section, is excepted from liability for taxation otherwise imposed by the more general provisions of §5328-1 GC. However, §5328-1a GC is not, eo nomine, a tax exemption statute; and more to the point, perhaps, this section is not one of the sections of the General Code enumerated in §5570-1 GC, which fixes the authority of the board

of tax appeals with respect to the exemption of property from taxation. In the case of **Steward v. Evatt, Tax Commissioner, 143 Oh St 547**, the Supreme Court held: ·

"The Board of Tax Appeals is a creature of statute and is limited to the powers with which it is thereby invested.'

It follows, therefore, that since intangible property of the kind involved in this case has been eliminated from the provisions of §5353 GC, and §5570-1 GC, has not been amended so as to include §5328-1a GC, as one of the sections under which the board of tax appeals may consent to the exemption from taxation of the kind of property therein described, the board of tax appeals has no jurisdiction or authority to grant the exemption requested in this case.

The fact that the legislature in and by the Act of June 27, 1945—effective September 27, 1945—, amended 5353 GC, so as to eliminate from its provisions intangible personal property of the kind described in this application, and by the same Act included such property in the provisions of §5328-1a GC as a supplement to §5328-1 GC, relating generally to the taxation of intangible personal property, in itself supports the view that it was and is the legislative intent that the question as to whether intangible property of this kind is so owned, held and used as to be nontaxable under the provisions of §5328-1a GC, is a question to be determined in the first ·instance by the tax commissioner in the assessment of the intangible and personal property of the taxpayer for the tax year in question, rather than by the board of tax appeals. The final order made by the tax commissioner in the determination of this question could, of course, be appealed to the board of tax appeals under the provisions of §5611 GC, either by the taxpayer or by the county auditor or other officer mentioned in said section.

However, on the considerations above noted and discussed, the board of tax appeals is of the view that it has no jurisdiction and authority to determine, in the first instance, the question of the taxability or non-taxability of the intangible property here in question by acting upon this application for tax exemption; and for this reason it is by the board considered and ordered that said application for tax exemption be and the same hereby is dismissed."

As indicated above, the Board of Tax Appeals is now convinced that the entry in the Judson Palmer Home case, supra, accurately sets forth this Board's jurisdiction concerning §5628-1a GC, and the conclusion therein is adopted in the instant case; and **In re Application of Cleveland Memorial Medical Foundation, 38 O. O. 255**, is hereby expressly overruled.

Upon the above considerations it is ordered that the applica-

tion for tax exemption and remission filed herein by the Battelle Memorial Institute be, and the same hereby is, dismissed.

> I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.
>
> Joseph D. Bryan
> Secretary